1 | Mark A. Steiner (SBN 88124)
masteiner@duanemorris.com
2 | Justin J. Fields (SBN 259491)
jfields@duanemorris.com
3 | **DUANE MORRIS LLP**
Spear Tower
4 | One Market Plaza, Suite 2200
San Francisco, CA  94105-1127
5 | Telephone: +1 415 957 3000
Fax: +1 415 957 3001
6 |
7 | Attorneys for Plaintiff
THE MASSACHUSETTS MEDICAL
8 | SOCIETY, a Massachusetts Corporation

9 | **IN THE UNITED STATES DISTRICT COURT**

10 | **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

11 |

12 | THE MASSACHUSETTS MEDICAL
SOCIETY, a Massachusetts Corporation,
13 |
Plaintiff,
14 |
v.
15 |
REDWOOD SCIENTIFIC
16 | TECHNOLOGIES, a California Corporation,
17 |
Defendant.
18 |
19 |

Case No.: _____

**COMPLAINT FOR:**

1. TRADEMARK
   INFRINGEMENT

2. FALSE DESIGNATION OF
   ORIGIN

3. UNFAIR COMPETITION
   (STATUTORY)

4. UNFAIR COMPETITION
   (COMMON LAW)

20 |
21 | Plaintiff The Massachusetts Medical Society ("Plaintiff") brings this Complaint
22 | against Defendant Redwood Scientific Technologies ("Defendant") and alleges as
23 | follows:
24 | ///
25 | ///
26 | ///
27 | ///
28 | ///

DM2\7754628.3
COMPLAINT

## INTRODUCTION

1.    This is an action for trademark infringement, false designation of origin, and unfair competition. Plaintiff brings this action based upon Defendant's unauthorized past and current use of THE NEW ENGLAND JOURNAL OF MEDICINE and NEW ENGLAND JOURNAL OF MEDICINE 1812 1823 1828 1928 marks ("NEJM Marks"), which respectively appear as follows:



## JURISDICTION AND VENUE

2.    This is a civil action arising under the trademark laws of the United States of America, 15 U.S.C. § 1051 *et seq.*, and the laws of the State of California. The Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, 1338, and 1367. The Court has supplemental jurisdiction over the claims arising under the laws of the State of California under 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they are part of the same case or controversy and derive from a common nucleus of operative fact.

3.    The Court has personal jurisdiction over Defendant because Defendant is incorporated in California, maintains a business address is Los Angeles County, and regularly conducts business in the district. Venue is proper in the United States District Court for the Central District of California Western Division pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims alleged herein occurred in this judicial district.

///

DM2\7754628.3
COMPLAINT

**PARTIES**

4.      Plaintiff is a Massachusetts corporation with its principal place of business in Massachusetts.

5.      Defendant is a California corporation with its principal place of business in California.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

6.      Founded in 1781, The Massachusetts Medical Society is the oldest continuously operating state medical society in the United States and is a leader in continuing medical education for healthcare professionals.

7.      Plaintiff makes every effort to advance medical knowledge and to develop and maintain the highest professional and ethical standards of medical practice and health care.

8.      Plaintiff is the owner and publisher of the world-renowned, leading medical journal, *The New England Journal of Medicine.*

9.      *The New England Journal of Medicine* employs a highly rigorous peer-review and editing process to evaluate manuscripts for scientific accuracy, novelty, and importance and is cited more often in scientific literature than any other medical journal.

**Plaintiff's Valuable Trademarks**

10.      Plaintiff is currently using and has used Plaintiff's NEJM Marks continuously in interstate commerce since at least as early as 1962 to identify its medical journal.

11.      Plaintiff has used the mark THE NEW ENGLAND JOURNAL OF MEDICINE for medical journals in International Class 16, since at least as early as January 4, 1962. On February 3, 1987, the U.S. Patent and Trademark Office issued Plaintiff U.S. Trademark Registration No. 1427415 for the mark on the Principal Register (Exhibit A). That registration is valid and subsisting.

///

12.     Plaintiff has used the mark NEW ENGLAND JOURNAL OF MEDICINE 1812 1823 1828 1928 for medical journals in International Class 16, since at least as early as January 4, 1962. On February 10, 1987, the U.S. Patent and Trademark Office issued Plaintiff U.S. Trademark Registration No. 1428321 for the mark on the Principal Register (Exhibit B). That registration is valid and subsisting.

13.     Plaintiff's Registrations of the NEJM Marks with the United States Patent and Trademark Office have attained incontestable status under the Lanham Act. *See* 15 U.S.C. §§ 1065, 1115(b).

14.     Plaintiff enjoys substantial consumer recognition and valuable goodwill in Plaintiff's NEJM Marks owing to Plaintiff's exclusive use of the marks and the considerable resources used to promote its goods under the marks. As such, the trade and public have come to identify the marks as an indication of the trusted and world-renowned medical journal that originates from Plaintiff.

**Defendant's Unlawful Activities**

15.     Defendant is engaged in the business of producing and selling a product that it claims assists with smoking cessation. Defendant advertises its product as TBX-FREE at http://tbxfree.com ("Defendant's Website").

16.     Defendant has used and is currently using Plaintiff's NEJM Marks on Defendant's Website, positioned prominently alongside a "Cure Rate Chart" and statistics comparing the success rates of other smoking cessation products to TBX-FREE (Exhibit C).

17.     Defendant's Website also states the following (Exhibit D):

"In clinical studies cited in The New England Journal of Medicine, the active ingredient in TBX-FREE™ has an 88% cure care compared to the patch and gum combined."

18.     Defendant's Website also links to a TBX-FREE Commercial at https://www.youtube.com/channel/UC8ZxRLMcexq-dcbYO7RtG9A ("Defendant's

Commercial"). Defendant shows THE NEW ENGLAND JOURNAL OF MEDICINE mark within Defendant's Commercial while stating the following (Exhibit E):

> "The key ingredient in TBX-FREE has had its efficiency and efficacy proven by several major clinical research studies that included a considerable number of clinical trials performed on over 10,600 smokers."

19.     Plaintiff has not published a review or study of Defendant's TBX-FREE product or any results from a smoking cessation study with an 88% cure rate.

20.     Defendant's use of Plaintiff's NEJM Marks is likely to cause confusion, mistake, and/or deception as to the affiliation, connection, or association of Defendant with Plaintiff (there is none) and as to whether Plaintiff approves, sponsors, or endorses Defendant's goods or claims in connection with its goods, which it does not.

21.     Upon information and belief, all of Defendant's activities and operations are controlled by its CEO and President, Mr. Jason Cardiff.

22.     On March 10, 2017, Plaintiff's counsel sent a letter to Mr. Cardiff, advising him of Plaintiff's exclusive rights in Plaintiff's NEJM Marks and the false and misleading use of Plaintiff's NEJM Marks in connection with Defendant's product. Plaintiff requested that Defendant immediately cease using Plaintiff's NEJM Marks.

23.     On March 28, 2017, Plaintiff's counsel sent a follow-up letter to Mr. Cardiff, requesting his cooperation and response. Neither Mr. Cardiff nor anyone else from Defendant responded to either letter and the offending and unlawful uses of Plaintiff's NEJM Marks continue.

24.     Upon information and belief, Defendant intentionally, willfully and deliberately uses Plaintiff's NEJM Marks to mislead and confuse consumers into believing that Defendant's goods are supported, sponsored or approved by Plaintiff.

///

///

25.     Defendant is falsely claiming the support of a trusted medical journal, to induce consumers to purchase and ingest its product. Defendant's wrongful conduct is continuing and will continue constituting an ongoing threat to public health.

## FIRST CLAIM FOR RELIEF: INFRINGEMENT OF
## REGISTERED TRADEMARK UNDER FEDERAL LAW
### (15 U.S.C. § 1114)

26.     Plaintiff re-alleges and incorporates the allegations in paragraphs 1-25, above, as if fully set forth herein.

27.     Plaintiff owns federally registered trademarks for THE NEW ENGLAND JOURNAL OF MEDICINE and NEW ENGLAND JOURNAL OF MEDICINE 1812 1823 1828 1928 for medical journals in International Class 16. *See*, U.S. Reg. No. 1427415 and 142832.

28.     Defendant's use of Plaintiff's NEJM Marks constitutes trademark infringement because such use is likely to cause confusion, mistake, or deception as to the affiliation, connection, association, origin, sponsorship, or approval of Defendant's goods by Plaintiff.

29.     Defendant has used Plaintiff's NEJM Marks without authorization.

30.     As a direct and proximate result of Defendant's activities as alleged above, Plaintiff has suffered damage. Unless Defendant is restrained by the Court, it will continue and/or expand its unlawful activities alleged above, by infringing Plaintiff's NEJM Marks and otherwise continue to cause irreparable damage and injury to Plaintiff.

31.     Defendant's conduct has caused and continues to cause likelihood of confusion, mistake and/or deception among the relevant consuming public and trade as to whether Plaintiff sponsored or otherwise approved of the use of Plaintiff's NEJM Marks by Defendant.

32.     Defendant's wrongful conduct has also caused and will continue to cause Plaintiff to lose control over the reputation associated with Plaintiff's NEJM Marks.

33.     Plaintiff has suffered damages and Defendant has obtained profits or been unjustly enriched as a result of Defendant's wrongful conduct.

34.     Unless Defendant is enjoined from its wrongful conduct, Plaintiff will continue to suffer irreparable injury and harm, for which Plaintiff has no adequate remedy at law.

35.     Defendant's actions have been committed willfully and with intent to profit from Plaintiff's NEJM Marks. This is an exceptional case and Plaintiff is entitled to recover Defendant's profits together with Plaintiff's damages, trebled, costs of the action, and reasonable attorney fees pursuant to 15 U.S.C. §1117(a).

## SECOND CLAIM FOR RELIEF: INFRINGEMENT AND FALSE DESIGNATION OF ORIGIN UNDER FEDERAL LAW
### (15 U.S.C. § 1125)

36.     Plaintiff re-alleges and incorporates the allegations in paragraphs 1-35, above, as if fully set forth herein.

37.     Defendant's unauthorized use of Plaintiff's NEJM Marks constitutes false designation of origin because such use is likely to cause confusion, mistake, or deception as to the affiliation, connection, association, origin, sponsorship, or approval of Defendant's goods.

38.     Defendant's conduct has caused and continues to cause likelihood of confusion, mistake and/or deception among the relevant consuming public and trade as to whether Plaintiff sponsored or otherwise approved of the use of Plaintiff's NEJM Marks by Defendant.

39.     Defendant's wrongful conduct has also caused and will continue to cause Plaintiff to lose control over the reputation associated with Plaintiff's NEJM Marks.

40.     Plaintiff has suffered damages and Defendant has obtained profits or been unjustly enriched as a result of Defendant's wrongful conduct.

///

///

41.     Unless Defendant is enjoined from its wrongful conduct, Plaintiff will continue to suffer irreparable injury and harm, for which Plaintiff has no adequate remedy at law.

42.     Defendant's actions have been committed willfully and with intent to profit from Plaintiff's NEJM Marks, this is an exceptional case and Plaintiff is entitled to recover Defendant's profits together with Plaintiff's damages, trebled, costs of the action, and reasonable attorney fees pursuant to 15 U.S.C. §1117(a).

## THIRD CLAIM FOR RELIEF: UNFAIR COMPETITION
### (Business & Professions Code §§ 17200 and 17500 et seq.)

43.     Plaintiff re-alleges and incorporates the allegations in paragraphs 1-42, above, as if fully set forth herein.

44.     Defendant has unlawfully, unfairly, and deceptively engaged in practices in violation of California Business & Professions Code sections 17200 and 17500 *et seq*. Defendant's unauthorized use of Plaintiff's NEJM Marks is likely to cause confusion, mistake, or deception as to the affiliation, connection, association, origin, sponsorship, or approval of Defendant's goods.

45.     Defendant's wrongful conduct has caused and will continue to cause Plaintiff to lose control over the reputation associated with Plaintiff's NEJM Marks.

46.     Plaintiff has suffered damages and Defendant has obtained profits or been unjustly enriched as a result of Defendant's wrongful conduct.

47.     Defendant's acts irreparably injure Plaintiff's business, reputation, and goodwill. Unless Defendant is enjoined from its wrongful conduct, Plaintiff will continue to suffer irreparable injury and harm, for which Plaintiff has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF: UNFAIR COMPETITION
### (Common law)

48.     Plaintiff re-alleges and incorporates the allegations in paragraphs 1-47, above, as if fully set forth herein.

DM2\7754628.3
COMPLAINT

49.     Defendant has unlawfully, unfairly, and deceptively engaged in practices in violation of California common law. Defendant's unauthorized use of Plaintiff's NEJM Marks is likely to cause confusion, mistake, or deception as to the affiliation, connection, association, origin, sponsorship, or approval of Defendant's goods.

50.     Defendant's wrongful conduct has caused and will continue to cause Plaintiff to lose control over the reputation associated with Plaintiff's NEJM Marks.

51.     Plaintiff has suffered damages and Defendant has obtained profits or been unjustly enriched as a result of Defendant's wrongful conduct.

52.     Defendant's acts irreparably injure Plaintiff's business, reputation, and goodwill. Unless Defendant is enjoined from its wrongful conduct, Plaintiff will continue to suffer irreparable injury and harm, for which Plaintiff has no adequate remedy at law.

## **PRAYER FOR JUDGMENT**

WHEREFORE, based on the foregoing allegations, Plaintiff prays for judgment against Defendant as follows:

1.      That Defendant and its agents, employees, successors, assigns, affiliates, joint venturers, and any person(s) in active concert in participation with it, and/or any person(s) acting for, with, by or through it, be enjoined during the pendency of the action, and permanently thereafter, including from: (A) using Plaintiff's NEJM Marks, or any other designation that creates a likelihood of confusion, mistake, or deception with respect to Plaintiff or Plaintiff's NEJM Marks; (B) doing any other act or thing likely to induce or that induces the mistaken belief that Defendant's products are in any way affiliated, connected, or associated with Plaintiff, or that Plaintiff in any way approves, sponsors, or endorses Defendant's products; or (C) injuring Plaintiff's business reputation and goodwill associated with Plaintiff's NEJM Marks.

2.      That Plaintiff's NEJM Marks be adjudged to have been infringed as a direct and proximate result of Defendant's acts set forth in the Complaint, in violation of Plaintiff's rights under 15 U.S.C. § 1114;

3.     That Defendant be adjudged to have competed unfairly with Plaintiff in violation of Plaintiff's rights at common law and in violation of Plaintiff's rights under 15 U.S.C. § 1125(a);

4.     That Defendant be adjudged to have violated California law regarding unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce;

5.     That Defendant be ordered to account to Plaintiff for, and to pay to Plaintiff, all of Defendant's profits and all amounts by which Defendant has been unjustly enriched from its acts and practices complained of herein, increased on grounds that this is an exceptional case and according to the circumstances of the case under 15 U.S.C. § 1117(a);

6.     That Defendant be ordered to pay Plaintiff its actual damages and lost profits sustained by Plaintiff as a result of Defendant's wrongful acts in an amount to be determined at trial, trebled as permitted by California Law or on grounds that this is an exceptional case under 15 U.S.C. § 1117(a);

7.     That Defendant be ordered to pay Plaintiff's costs of the action under 15 U.S.C. § 1117(a) and California common and statutory law;

8.     That Defendant be ordered to pay Plaintiff's reasonable attorney fees under California common and statutory law or on the grounds that this is an exceptional case under 15 U.S.C. § 1117(a);

9.     That Defendant be ordered to pay Plaintiff prejudgment and post judgment interest on any monetary award;

10.     That Defendant be ordered to pay Plaintiff exemplary and punitive damages to deter any future willful infringement as the Court finds appropriate;

11.     That Defendant be adjudged to be without right or authority to threaten, complain of, challenge, maintain suit, or interfere in any manner with Plaintiff's lawful use and right to claim ownership of Plaintiff's NEJM Marks or any registration therefor; and

12.    Such further relief as the Court may deem just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff respectfully demands a trial by jury on all claims and issues so triable.

Dated: May 3, 2017                    **DUANE MORRIS** LLP

                                      By: _____ /s/  Justin J. Fields _____
                                      Mark A. Steiner
                                      Justin J. Fields

                                      Attorneys for Plaintiff
                                      THE MASSACHUSETTS MEDICAL
                                      SOCIETY, a Massachusetts Corporation